Plaintiff in this case seeks review under the provisions of the Wunderlich Act, 41 U.S.C. §§321-322 (1976), of a decision of the Armed Services Board of Contract Appeals (board), Sam Bonk Uniform & Civilian Cap Co., 81-1 BCA ¶14,840, ASBCA No. 23592 (1980). The board found that plaintiff was not entitled to recover from the Government, because plaintiff had a duty to inquire of the contracting officer about a patent ambiguity in the contract specifications. We affirm, but on the ground that plaintiffs claim is barred by an effective release.
Because we decide only the release issue, there is no need to set out the facts in great detail. The board has done so and with one minor exception the parties have not objected to its findings.
On September 29, 1977, plaintiff received an invitation for bids (IFB) for the manufacture of Army garrison caps. There was an ambiguity in the specifications (patent or not we do not decide) in that they referred to "Type II” interlining material[1] "conforming to MIL-C-43920,” a standard specification. The version of MIL-C-43920 available to plaintiff only described one type of interlining, but the specification had been amended immediately prior to the release of the IFB (amendment 1) to describe a Type II interlining material. Plaintiff assumed that "Type II” in *927 the IFB was a typographical error and submitted his bid on the basis of the non-Type II interlining described in the original version of MIL-C-43920.
The contract was awarded to plaintiff on October 28, 1977. On November 7, 1977, the contracting officer called amendment 1 to plaintiffs attention and insisted that plaintiff use Type II as described therein. This was the first plaintiff knew of amendment 1. Because of difficulties plaintiff encountered with the extra stiffness of Type II material, plaintiff requested a waiver of the stiffness requirement on May 23, 1978. The waiver was granted on June 21,1978.
In October 1978, as plaintiff was falling behind schedule at least in part due to the confusion over the type of interlining, the parties executed a modification of the contract (Modification No. A00002) which extended the delivery date and which included this release clause:
In consideration of the foregoing extension of the delivery schedule, the Contractor hereby unconditionally releases and waives any and all claims against the Government by reason of delays attributable to excusable causes which have or may have occurred in the above numbered contract and for all other causes, conditions and happenings which have occurred under the contract to date.
The Contractor further agrees that the foregoing extended delivery schedule includes adjustment for all delays attributable to excusable causes which have or may have occurred under above numbered contract to date.
The release was made retroactive to June 8, 1978, after the filing of the application for the waiver of the stiffness requirement and before the waiver was granted.
On January 8, 1979, plaintiff requested an equitable adjustment for the added expense of the interlining. This was denied by the contracting officer on January 23d in a very short decision which did not explain his reasoning beyond "careful review and evaluation of the facts in the independent exercise of my best judgement [sic].” The board also denied relief and plaintiff now seeks review in this court.
*928 Plaintiff cannot deny the applicability of the release. The release covers the claims plaintiff makes. The contract modification which contained the release was supported by ample consideration, the exchange of an extension of time for a release of claims for delay. Plaintiff does not contest these points and instead argues that the Government has waived its right to plead the release because it (through the contracting officer) considered the claim on its merits subsequent to the effective date of the release.
Plaintiffs first point is that the court cannot consider the release because the board never discusses the release issue. While we may not go outside the record before the board, United States v. Carlo Bianchi & Co., 373 U.S. 709, 715 (1963), the administrative record in this case provides us with ample information upon which to decide the purely legal question of the effectiveness of the release. We consider questions of law de novo on Wunderlich Act review, 41 U.S.C. §322, so while we appreciate and value highly discussion by the board of legal questions, such discussion is not a prerequisite to our consideration of legal issues. The same is true a fortiori of the contracting officer’s omission of the release issue.
Plaintiffs second point is the waiver argument proper. Plaintiff relies on Winn-Senter Construction Co. v. United States, 110 Ct. Cl. 34, 75 F. Supp. 255 (1948), for the proposition that post-release consideration of a claim on its merits waives the release. This misreads the case. In Winn-Senter the contractor’s claim had been submitted to the contracting officer prior to execution of the release and was decided on the merits by the contracting officer subsequent to execution of the release. The court’s decision was not based upon a technical timing rule, but upon its conclusion that in those circumstances (where the claim straddled the release) "the conduct of both parties shows that they did not construe the release as an abandonment or forfeiture of this pending claim.” Id., 110 Ct. Cl. at 66, 75 F. Supp. at 260.
In the instant case, by contrast, the entire course of action on the claim took place well after both the execution and effective date of the release. The contracting officer’s failure to consider the release issue, to the extent that any rationale can be gleaned from his extremely summary *929 treatment of the case, can therefore shed no light on the intentions of the parties in executing the release. At most, it shows that the contracting officer erroneously believed that the release did not apply. The court, however, cannot be bound by an error of law below. The release means what it says, and the failure of the contracting officer and the board to consider it, while not error,[2] does not preclude our consideration of and reliance upon it.
it is therefore ordered, on the parties’ cross-motions for summary judgment and without oral argument, that defendant’s cross-motion for summary judgment is granted, plaintiffs motion is denied, and the petition is dismissed.

 Interlining material is coarse white cloth, inserted under the outer layer of fabric, used to maintain the cap’s shape.

 We believe that it is preferable to decide this case on the release issue because it is logically prior to the patent ambiguity issue; that is, regardless of the merits of plaintiffs ambiguity argument, plaintiff is barred from recovery by the release.